N THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

MICHEL HATCH                                                                            PLAINTIFF

vs.                              Civil No. 6:11-cv-06058

MICHAEL J. ASTRUE                                                                     DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Michel Hatch ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and a period of disability under Title II of the Act.  The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 3.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.     Background:**

Plaintiff filed his current disability application on September 16, 2008.  (Tr. 10).  In his application, Plaintiff alleges being disabled due to back problems.[2]  (Tr. 108).  Specifically, Plaintiff

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for this case are referenced by the designation "Tr."

[2] In his appeal brief, Plaintiff also claims he is disabled due to depression and having one kidney.  ECF No. 6 at 2.  However, Plaintiff only made a passive reference to depression in one of the forms filed with the SSA (Tr. 125), and at the administrative hearing in this matter, Plaintiff only alleged being disabled due to his back impairment.  (Tr. 26).  Thus, this Court will not address Plaintiff's other newly-raised claims that he is disabled due to depression and having one kidney.

1

alleges these impairments cause the following limitations: "Difficulty walking due to muscle spasms, unable to lift anything, can't sweep or mop-restrict daily activities." *Id.* In his application, Plaintiff alleges an onset date of April 15, 2008. (Tr. 10, 25-26, 108). This application was denied initially and again on reconsideration. (Tr. 46-74).

Thereafter, Plaintiff requested an administrative hearing on his application, and this hearing request was granted. (Tr. 57-58, 63-81). An administrative hearing was held on April 28, 2010 in Hot Springs, Arkansas. (Tr. 22-45). At the administrative hearing, Plaintiff was present and was represented by Shannon Carroll. *Id.* Plaintiff and Vocational Expert ("VE") Millard Vance Sales testified at this hearing. *Id.* On the date of this hearing, Plaintiff testified he was fifty-five (55) years old. (Tr. 25). Such an individual is defined as a "person of advanced age" under 20 C.F.R. § 404.1563(e) (2008) (DIB). Further, Plaintiff testified he had been trained as a certified public accountant, which presumably included a four-year college degree. (Tr. 26).

On August 16, 2010, subsequent to this hearing, the ALJ entered an unfavorable decision on Plaintiff's application. (Tr. 10-18). In that decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2012. (Tr. 12, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 15, 2008, his alleged onset date. (Tr. 12, Finding 2). The ALJ determined Plaintiff had the following severe impairments: disorder of the back and diabetic or other peripheral neuropathy. (Tr. 12, Finding 3). The ALJ also determined Plaintiff did not have an impairment or a combination of impairments that met or medically equaled one of the listing impairments in 20 CFR Part 404, Subpart P, Appendix 1 ("Listings"). (Tr. 12-13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC.

(Tr. 13-17, Finding 5). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to lift and/or carry 10 pounds, stand and/or walk 2 hours in an 8-hour workday and sit 6 hours in an 8-hour workday.

*Id.* The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 17, Finding 6). The VE testified at the administrative hearing regarding this issue, and he characterized Plaintiff's PRW as a CPA or auditing worker. (Tr. 17, 44-45). He stated this work was skilled and sedentary. *Id.* Based upon that testimony and after considering his RFC, the ALJ determined Plaintiff retained the capacity to perform his PRW as a certified public accountant. (Tr. 17, Finding 6). Because he retained the capacity to perform his PRW, the ALJ also determined he had not been under a disability, as defined by the Act, from April 15, 2008 through the date of his decision or through August 16, 2010. (Tr. 17-18).

On August 24, 2010, Plaintiff requested the Appeals Council's review the ALJ's unfavorable decision. (Tr. 5). *See* 20 C.F.R. § 404.968. On July 12, 2011, the Appeals Council declined to review this disability determination. (Tr. 1-3). On July 27, 2011, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on August 1, 2011. ECF No. 3. Both Parties have filed appeal briefs. ECF Nos. 6-7. This case is now ready for decision.

**2.    Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

3

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the

claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In his appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ erred by finding his impairments did not meet the requirements of Listings 1.02 and 1.04; (2) the ALJ erred in failing to consider his non-exertional limitations; and (3) the ALJ erred by failing to properly consider his subjective complaints of chronic pain. ECF No. 6. In response, Defendant argues the ALJ properly determined his impairments did not meet the requirements of Listings 1.02 and 1.04, the ALJ properly considered his non-exertional limitations, and the ALJ properly considered his subjective complaints of disabling pain. ECF No. 7. This Court will address each of these arguments for reversal.

**A.    Listings 1.02 and 1.04(A)**

Plaintiff claims the ALJ erred by finding his impairments did not meet or equal the requirements of Listings 1.02 and 1.04(A). ECF No. 6 at 8-13. Listing 1.02 requires a demonstration of a "gross anatomical deformity" such as "subluxation, contracture, bony or fibrous ankylosis, instability." Plaintiff, however, has not provided any demonstration that he suffers from such a

5

deformity. ECF No. 6. Plaintiff instead argues he has a herniated disc, foraminal narrowing, and degenerative disc disease, but there is no indication such a back impairment qualifies as a "gross anatomical deformity." *See* ECF No. 6 at 11-12.

Further, the relevant portion of Listing 1.02 requires an impairment in "one major peripheral joint in each upper extremity (i.e., shoulder, elbow, or wrist-hand)" which results "in inability to perform fine and gross movements effectively." Here, Plaintiff is claiming an impairment of his back and not an impairment of a "peripheral joint in each upper extremity."[3] Thus, because Plaintiff has not demonstrated an impairment in a "peripheral joint in each upper extremity," he has not demonstrated he meets the requirements of this Listing. *See McCoy v. Astrue,* 648 F.3d 605, 611 (8th Cir. 2011) (holding that "[t]o qualify for disability under a listing, a claimant carries the burden of establishing that his [or her] condition meets or equals all specified medical criteria").

Listing 1.04(A) applies to "Disorders of the spine," and such a disorder must result "in compromise of a nerve root . . . or the spinal cord." In support of his argument that he meets this requirements of this Listing, Plaintiff relies upon his testimony at the administrative hearing: "Plaintiff has testified he had three prior surgeries to his back which resulted in permanent nerve damage that did not regenerate." ECF No. 6 at 12. Plaintiff has not, however, provided medical support for this claim that he has permanent nerve damage. He has also not demonstrated he has a compromised nerve root or spinal cord. Plaintiff's x-rays of his cervical spine which were taken on December 31, 2008 do not indicate any such nerve damage. (Tr. 150). Thus, this Court again finds

---

[3] In his briefing, Plaintiff appears to claim his back impairment results in weakness in his arms and his hands. ECF No. 6 at 10. Plaintiff has, however, not referenced any medical support for his claim but relies upon his subjective complaints instead. *Id.* This Court has also independently reviewed the record in this case. During his evaluation with the Arkansas Speciality Spine Center on March 31, 2009, Plaintiff was found to have "5/5 [strength] in all major muscle groups," including upper extremities. (Tr. 269). Thus, there appears to be no support for this claim.

Plaintiff has not met his burden of demonstrating he meets all the requirements of Listing 1.04(A).

As a final point under this section, Plaintiff argues the ALJ erred because he gave "no consideration of the Listings." ECF No. 6 at 13. Generally, the ALJ is not required to cite to a specific Listing when evaluating whether a claimant meets the requirements of that Listing. *See Scott ex rel. Scott v. Astrue,* 529 F.3d 818, 822 (8th Cir. 2008). Thus, simply because the ALJ did not reference Listings 1.02 and 1.04 does not establish he failed to properly consider these Listings. Instead of focusing upon whether a specific Listing was cited, this Court is charged with the responsibility of determining whether the ALJ's findings regarding the Listings are supported by substantial evidence "in light of the record as a whole." *Id.* In this case, as outlined above, those findings are supported by substantial evidence in the record, and, accordingly, this case need not be reversed and remanded for further consideration of this issue.

### B.     Non-Exertional Limitations

Plaintiff claims the ALJ did not properly consider his non-exertional limitations. ECF No. 6 at 13-17. Based upon his briefing, it appears Plaintiff is arguing the ALJ failed to properly consider his non-exertional limitations because he relied upon the Medical-Vocational Guidelines or the "Grids."[4] *Id.* Instead of relying upon the Grids, Plaintiff argues the ALJ should have relied upon testimony from a VE in order to fully evaluate his non-exertional limitations. *Id.* In this case, however, the ALJ *did not* utilize the Grids. Instead, the ALJ found Plaintiff could perform his PRW. (Tr. 17, Finding 6). Thus, this Court finds this claim is meritless.

### C.     Subjective Complaints

Plaintiff claims the ALJ erred in analyzing his subjective complaints. ECF No. 6 at 17-20.

---

[4] Under this argument header, Plaintiff also alleges the ALJ erred by improperly considering his subjective complaints. ECF No. 6 at 13-17. This issue will be further addressed in the final section of this order.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[5] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled

---

[5] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ fully complied with *Polaski*. First, the ALJ considered Plaintiff's daily activities. (Tr. 15-16). The ALJ noted Plaintiff had extensive daily activities and stated the following:

> The claimant noted that he could care for his personal needs, complete some housework, shop, prepare meals, manage financial matters, drive, walk and/or swim usually every other day, attend church, go to the store, WMCA and First Step on a regular basis, and spend time with others (Exhibit 6E). The claimant's home has lake access and he has a boat. He testified he had not used his boat in three years, not due to his back or neck pain, but because the boat always had some maintenance problem.

(Tr. 16).

Second, the ALJ evaluated the duration, frequency, and intensity of Plaintiff's alleged pain, and he noted that while Plaintiff claimed to have "pain off and on daily," the ALJ also recognized "all pain and discomfort are not disabling." (Tr. 16). Third, the ALJ considered Plaintiff's precipitating and aggravating factors, and the ALJ noted Plaintiff claimed "any activity exacerbated his pain." *Id.* Fourth, the ALJ considered Plaintiff's medication and noted his prescribed medication had "been generally successful in controlling the claimant's [his] symptoms."[6] *Id.* Fifth and finally, the ALJ considered Plaintiff's functional restrictions. *Id.* The ALJ noted Plaintiff complained of extreme functional restrictions, but the ALJ also found Plaintiff's documented impairment was not so severe that it prevented him from performing productive work. *Id.*

In assessing Plaintiff's credibility, the ALJ also noted Plaintiff did not follow the prescribed

---

[6] Plaintiff argues in his briefing that "he could not take his medication because this [his] position required him to be alert and the medication impaired his concentration ad ability to stay focused on his tasks." ECF No. 6 at 2. Plaintiff, however, presented no support for this claim.

9

course of treatment for his degenerative disc disease. (Tr. 17). The ALJ found Dr. Brent Sprinkle had recommended he seek further treatment to manage his degenerative disc disease, but Plaintiff decided against this course of action.[7] (Tr. 17, 271). Finally, in assessing his credibility, the ALJ also referenced a report from Plaintiff's chiropractor, John R. Bomar, D.C. (Tr. 17, 247-248). In his appeal brief, Plaintiff relies heavily upon Mr. Bomar's findings to establish his disability. ECF No. 6 at 3-20. Mr. Bomar, however, is only a chiropractor and is not an "acceptable source" for establishing a disability. *See* 20 C.F.R. § 404.1513(a) (2001) (including only licensed physicians as sources that may be used "to establish an impairment"). Thus, this Court finds the ALJ did not err in declining to adopt the findings of Mr. Bomar. Further, based upon the findings outlined above, this Court also holds the ALJ's credibility determination is properly supported by substantial evidence in the record.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 11th day of June 2012.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE

---

[7] Indeed, Dr. Sprinkle stated Plaintiff's "real objective" (presumably in seeking treatment from him) was "to get an opinion and treatment recommendation for his pain complaints to support his plan for disability." (Tr. 271).